UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


M.T., by and through his parents,                    Case No.  3:16-cv-2552

                    Plaintiff

          v.                                          MEMORANDUM OPINION


Benton-Carrol-Salem Local School District, et al.,

                    Defendants


## I. BACKGROUND

At the time of the incidents alleged, M.T. was a student in Defendant Russ Exlos-Raber's

choir class at Oak Harbor Middle School.  M.T. is a bi-racial student and alleged in his complaint

that the Defendant referred to him as "a brown dude" in front of the entire class on a day M.T. was

absent.   Exlos-Raber also referred to M.T. as "brown skinned" in an email to the superintendent

and the principal of the school.  When M.T. returned to school, he alleged Exlos-Raber singled him

out, asking him to hold out his hands and say what color they were.  Thereafter, M.T. was taken out

of choir class and placed in a different class.

Plaintiff initiated this suit under 42 U.S.C. § 1983, alleging violations of his civil rights against

multiple parties including Exlos-Raber.  (Doc. No. 1).  On May 16, 2017, I granted judgment on the

pleadings on all claims for the other Defendants[1] and granted judgment to Exlos-Raber on the §

---

[1] The dismissed Defendants include Benton-Carrol-Salem Local School District, Guy Parmigian, and Laramie Spurlock.

1983 Due Process Clause, Title VI, and negligent hiring, training, and supervision claims. (Doc. No. 14). I denied judgment on the § 1983 equal protection claims against Exlos-Raber. (*Id.*)

This matter is now before me on Defendant Russ Exlos-Raber's unopposed motion for summary judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated below, the Defendant's motion is granted.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## III. DISCUSSION

The statement of facts presented by the Defendant (Doc. No. 20-1) are supported by affidavits. As Plaintiff does not challenge Defendant's statement of facts, they are adopted and incorporated by reference for purposes of this opinion. (*Id.* at pp. 2-7).

The sole remaining claims are for equal protection challenges under the 14th Amendment. Defendant moves for summary judgment on the basis that the evidence does not establish an equal protection violation. Alternatively, even if an equal protection violation was established, the Defendant states he is entitled to qualified immunity.

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To that end, "[t]he Equal Protection Clause requires public institutions to "treat similarly situated individuals in a similar manner." *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir. 1996).

"To establish an equal-protection violation, a plaintiff must allege that the state made a distinction which "burden[ed] a fundamental right, target[ed] a suspect class, or intentionally treat[ed] one differently from others similarly situated without any rational basis for the difference." *Doe v. Miami University*, 882 F.3d 579, 595 (6th Cir. 2018). "Direct or circumstantial evidence that a student's race motivated school officials' actions may establish an Equal Protection Clause violation." *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 571 (6th Cir. 2011).

In this action, the Plaintiff has not presented evidence to support his claim the Defendant acted with discriminatory intent. The Defendant has presented facts which affirm that Exlos-Raber's conduct did not intend to denigrate M.T. but rather affirm M.T.'s way of self-identification. The record reflects that Exlos-Rabler's teaching methods and philosophy celebrate diversity. Upon M.T.'s return to class, the Defendant apologized for any perceived slight. M.T. responded positively to the apology.

In a summary judgment motion, the moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set

forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)). In this case, the Defendant has met his burden.

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Here, the Plaintiff has not met his burden.

Assuming the Plaintiff did establish an equal protection violation, the Defendant is entitled to qualified immunity. The analysis employed by the Sixth Circuit in determining qualified immunity focuses on whether a constitutional right was violated and whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right. *Occupy Nashville v. Haslam*, 769 F.3d 434, 442 (6th Cir. 2014), citing *Saucier v. Katz*, 533 U.S. 194 (2001).

While the order of these questions is left to the discretion of the district court, "if either one is answered in the negative, then qualified immunity protects the [party] from civil damages." *Goodwin v. City of Painesville*, 781 F.3d 314, 320 (6th Cir. 2015), citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to prove defendants are not entitled to qualified immunity. *Rodriquez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011).

In this case, the Plaintiff has failed to present evidence of an equal protection violation. He has failed to demonstrate why I should deny qualified immunity to the Defendant. Having carefully

reviewed all of the pleadings in this case, I find the Defendant is entitled to judgment as a matter of law on the equal protection claims.

## IV. CONCLUSION

For the reasons stated above, the Defendant's motion for summary judgment is granted. (Doc. No. 20-1). As this resolves all of the claims in this action, this case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge